**In re THEATRE HOLDING CORP., Debtor-Appellant,**

**v.**

**Marcella Pincus MAURO, John E. Mauro and Paul Mauro, Landlords-Appellees.**

**No. 81 Civ. 5902(CES).**

United States District Court,
S. D. New York.

Jan. 18, 1982.

Jessel Rothman, Mineola, N. Y., for debtor-appellant.

Coral & Ortenberg, Suffern, N. Y., for landlords-appellees.

## MEMORANDUM DECISION

STEWART, District Judge:

This case comes on appeal from the United States Bankruptcy Court for the Southern District of New York, and raises the issues of whether the bankruptcy judge erred in (1) finding that thirty days was a reasonable time for the debtor Theatre Holding Corp. ("Theatre Holding") to elect to assume or reject its unexpired lease pursuant to 11 U.S.C. § 365(d) (1976), or (2) denying, upon Theatre Holding's motion to renew, an extension of that thirty day period. In reviewing these issues, we are bound by the statutory mandate to accept the findings of fact below unless clearly erroneous. Rules Bankr.Proc. Rule 810. Under this standard, we affirm the judgments below.

■ Under Section 365(d)(2), a bankruptcy judge may order a trustee or debtor to determine within a specified time whether to assume or reject an executory contract or unexpired lease. The amount of time to be afforded the debtor is to be a "reasonable" one, as determined by the facts and circumstances of the particular case. *See* Collier on Bankruptcy ¶ 365.03(1) at 365–20 (15th ed. 1981). The factors to be considered include the nature of the interests at stake, the balance of harm to the litigants, the good to be achieved and the safeguards afforded the litigants. *Matter of Midtown Skating Corp.*, 3 B.R. 194, 198 (S.D.N.Y. 1980).

■ The landlord-appellees in this case applied to the Bankruptcy Court on or about June 12, 1981 for an order fixing the time within which the debtor-appellant would have to decide whether to adopt or reject its lease. On June 26, 1981, the court gave the debtor thirty (30) days, or until July 27, 1981, to make this decision. On July 15, 1981, the court extended that date to August 3, 1981. In selecting this relatively short period in which the debtor was to decide whether to accept or reject, the bankruptcy judge had before him the following facts: that various attempts to run the theatre had been unsuccessful since 1973, Order to Show Cause ("OSC") Ex. D. at 35; that the most recent operator of the theatre had filed a bankruptcy petition in April of 1981, Aff. of William E. Dooley at 4; that "the landlord would lose if the [debtor didn't] come up with a plan," OSC Ex. D. at 45; that the debtor in fact had no plan and none appeared imminent, *id.* at 29; and that, because a bankrupt subtenant was in actual possession of the premises in ques-

tion, the debtor was paying the landlord neither rent nor use and occupation fees while it attempted to find new investors, *id.* at 4. Under these circumstances, the finding that 30 days (or actually 37 days in light of the July 15 extension) was a reasonable time was not clearly erroneous. We accordingly affirm the Bankruptcy Court's orders of July 7, 1981 and July 15, 1981, and remand the case for further proceedings.

SO ORDERED.